## Leidich *against* Leidich.

Testator devised certain property to his wife and son T., their heirs and assigns forever, as tenants in common, charging T. with $100, to be paid to his daughter J., and the wife with $100, to be paid to his grandson; and proceeded thus: "And as to the rest and residue of my estate, real or personal, &c., I give and bequeath the same to all my *other* children, with the exception of my daughter J. and the wife of E. M., to be equally divided among them, share and share alike." The testator left, at his decease, other children besides those mentioned in the will. *Held*, that T. was entitled to a share in the residue beyond that devised to his mother and himself as tenants in common.

ERROR to the Common Pleas of *Northampton* county.

This was an amicable action of ejectment for a lot of ground in the borough of Easton, in which Thomas Leidich was plaintiff, and William Leidich, Henry Leidich, Samuel Snyder and Catherine his wife, John Leidich and Christina Singer, defendants. The following case was stated for the opinion of the court below, in the nature of a special verdict, either party to have the right to a writ of error.

John Leidich, late of the borough of Easton, in the county of Northampton, made his last will and testament, dated the 11th September 1841, which, after his decease, to wit, on the 26th October 1844, was duly proved, &c. By it, *inter alia,* he devised and bequeathed as follows:

" To my said wife Juliana, and my son Thomas, I give and devise all that certain two-story house, together with the lot, &c., to have and to hold the same to them, the said Juliana and Thomas, and their heirs and assigns for ever as tenants in common, hereby charging the said house and lot with the payment of $200; that is to say, the said Thomas with $100, to be paid by him to my daughter Jeannette immediately after my decease, and my wife with $100, to be paid to my grandchild, Francis Sanders, upon his arriving at the age of 21 years.

" And as to the rest and residue of my estate, real or personal, after the payment of all my debts, and the expenses attendant upon my funeral, and of the execution of the trust hereby reposed, I give and bequeath the same to all my other children, with the exception of my daughter Jeannette and the wife of Ebenezer M'Cord, to be equally divided among them, share and share alike."

The testator left, at the time of his decease, the following children: John Leidich, Henry Leidich, William Leidich, Catharine Snyder, wife of Samuel Snyder, Christina Singer, widow of Lewis

Singer, Jeannette, wife of Henry Schwartz, Anna Maria M'Cord, and Thomas Leidich.

The question for the decision of the court is, whether Thomas Leidich, the plaintiff, is entitled to any share in the remaining real estate of which the testator died seised, beyond that devised to his mother and himself in the first clause of the will. If the court shall be of opinion that he is entitled, then judgment to be entered for the plaintiff. But if the court shall be of opinion that he is not so entitled, then judgment to be entered for defendants.

The court below gave judgment for the defendants. This was the subject of the error assigned.

*W. A. Porter* and *J. M. Porter,* for the plaintiff in error.
*Reeder,* contra.

The opinion of the Court was delivered by

SERGEANT, J.—The determination of the intention of this testator must rest upon the language of his will, there being no other circumstances in the case stated tending to shed any light upon it. What the amount of the residue was, or what idea the testator entertained as to its ultimate benefit to the several residuary devisees, or how many and who they were, is unknown to us. Reading the will merely, I perceive nothing positive in it that shows an intention to exclude his son Thomas from a share in the residue. The word "other" may easily be satisfied by a transposition of the words of the residuary clause, a resort which we are sometimes obliged to adopt, if we desire to arrange methodically language which has been written or spoken without reference to exactness of composition. The residuary clause will be complete and clear if we read it thus: "And as to the rest and residue of my estate, real and personal, &c., with the exception of my daughter Jeannette and the wife of Ebenezer M'Cord, I give and bequeath the same to all my other children," &c. That the word "other," in the will, does not refer to the previous legatees would appear by the subsequent exception of Jeannette, who was one of them. We are not to attribute to the testator a superfluous exclusion, when there is a subject on which its operation is important, and when the opposite construction is, at best, but conjectural. On the whole, we think Thomas Leidich is entitled to a share in the residue beyond that devised to his mother and himself in the first clause of the will.

Judgment reversed, and judgment for plaintiff.